IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLYDE MAINER, (TDCJ-CID #1841120) | § § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-13-1861 |
| WILLIAM STEPHENS, | § § § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner Clyde Mainer seeks habeas corpus relief under 28 U.S.C. § 2254. In his handwritten petition, Mainer does not attack the validity of his conviction or sentence. Rather, he challenges the denial of release to parole.

The threshold issue is whether this federal petition is subject to dismissal for failure to state a violation of a federally protected right. Having considered the record, and applicable authorities, the court dismisses Mainer's petition for failure to state a ground for federal habeas corpus relief.

**I.     Background**

On June 21, 2013, this court received Mainer's federal petition. Mainer contends that he is being denied parole without justification. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 1-2). Mainer states that in Harris County, he entered a guilty plea in Cause Number 1370737. He states that he had previously entered a guilty plea in Fort Bend County. (Cause Number 10-DCR-

054179). He explains that his sentences from Harris County and Fort Bend County were ordered to be served concurrently.

Mainer states that he was preparing to be released on parole on his Harris County conviction when he was transferred to Fort Bend County in June 2013, to face charges on an offense for which he had already served time. He claims that he was not released on parole on his Harris County conviction because he was improperly forced to face charges in Fort Bend County.

On-line research shows that Mainer pleaded guilty to the felony offense of theft of between $20,000 and $100,000.00 in Cause Number 1370737. On February 25, 2013, the 178th Judicial District Court of Harris County, Texas sentenced Mainer to two and one-half years imprisonment.

On-line research reveals that Mainer was charged with the felony offense of theft from person in the 434th Judicial District Court of Fort Bend County, Texas. (Cause Number 10-DCR-054179). He was indicted on March 29, 2010. He entered a plea of guilty on November 8, 2011, and he was sentenced to deferred adjudication probation for two years. On September 25, 2012, the State moved to modify the terms of Mainer's probation. Following a probation violation report on March 26, 2013, the State moved to revoke Mainer's probation on April 3, 2013. Mainer was found guilty following a hearing on June 28, 2013, and his probation was revoked.

## II.  The Legal Standard

A district court may examine habeas petitions before an answer or other responsive pleading is filed. *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999). Such a review is based on "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes.

Mainer argues that he was denied release to parole. The law is clear that Mainer has no constitutional right to parole. *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995). The Fifth Circuit has expressly held that there is no constitutional expectancy of parole in Texas, *Creel v. Keens,* 928 F.2d 707 (5th Cir. 1991), and no right to be released on parole. *Madison,* 104 F.3d at 768 (citing TEX. CODE CRIM. P. ANN. art. 42.18 § 8(a)).[1] Because a prisoner has "no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v. Kyle,* 66 F.3d 71, 73-74 (5th Cir. 1995)(citing *Orellana,* 65 F.3d at 32). Mainer's argument that he is entitled to be considered for release on parole at a particular time lacks merit.

## III. Conclusion

Mainer's challenges to the denial of parole lack merit. This case is DISMISSED. Mainer's constructive motion to proceed as a pauper, (Docket Entry No. 1), is GRANTED. Any remaining pending motions are DENIED as moot.

The Supreme Court has stated that the showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v.*

---

[1] The Fifth Circuit has repeatedly rejected efforts by Texas prisoners to assert a constitutionally-protected interest arising out of state parole statutes. *See Madison v. Parker,* 104 F.3d at 768; *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied,* 116 S. Ct. 736 (1996); *Gilbertson v. Tex. Bd. of Pardons and Paroles,* 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keens,* 928 F.2d 707, 709-12 (5th Cir. 1991), *cert. denied,* 501 U.S. 1210 (1991).

*Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484.

This court denies Mainer's petition after careful consideration of the merits of his constitutional claims. This court denies a COA because Mainer has not made the necessary showing for issuance.

SIGNED at Houston, Texas, on \_\_\_\_July 3\_\_\_\_, 2013.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE